# T. C. GILMAN, Appellant, v. THE COUNTY OF CONTRA COSTA, Respondent.

Where the southern line of a creek was the dividing line between the City of Oakland and the remainder of Contra Costa County, both the city and county have jurisdiction to build a bridge over the creek.

APPEAL from the District Court of the Seventh Judicial District, Solano County.

The plaintiff sued on a contract for building a bridge across San Antonio Creek, which was entered into with the Board of Supervisors of Contra Costa County.

*Samuel H. Brodie* and *G. F. & W. H. Sharp*, for Appellant.

The County was suable on the contract. 2 Kent's Com., 274, 275. Moodalay *v.* The East India Company, 1 Bro. Ch., 469. 7 Mass., 461. 16 Mass., 87. 1 Greenl., 125. 3 Ib., 131. 9 Ib., 88. Mahoney *v.* The Bank of Arkansas, 4 Ark., 620. Grant to Men of Islington, 2 T. R., 672. Hall *v.* Washington County, 2 Green's Iowa R., 473. Smith *v.* Morse, 2 Cal., 242. 2 Hill, 45.

The Supervisors had the power to make a contract to build a county bridge, though the stream over which it was built, happened to be within the limits of the town of Oakland. Dewitt *v.* The City of San Francisco, 2 Cal., 289. Every presumption is in favor of the supposition that the Supervisors acted within the limit of their authority. 7 Cowen, 540. 3 Wend., 94.

*John Currey*, for Respondent.

1. A county is a political division, established without an express charter of incorporation, and by law is denominated a *quasi* corporation. Such corporations are invested with corporate powers, *sub modo*, and for specified purposes only. Ang. and Ames on Corp., §§ 23, 24, 25. 2 Kent's Com., 278. Purdy *v.* The People, 4 Hill, 395 and 396. Jackson *v.* Corey, 8 Johns., 385. Hornbeck *v.* Westbrook, 9 Johns., 73. Compiled Laws, p. 877, § 7. Ibid., p. 251, §§ 3, 11, 12.

2. If the Board of Supervisors possessed, by legislative grant, the power to open new roads and to make all necessary orders concerning the same, then, in order to concede the power to such Board to build a bridge, such bridge must be regarded as an incident or a part of the road, and must be built upon and as a part of such road. Compiled Laws, p. 251, §§ 11 and 12.

3. The Board of Supervisors had no power to build a bridge within the incorporated limits of Oakland. Laws of 1852, p. 89, § 20. Laws of 1851, pp. 19 and 20. Laws of 1852, p. 180, (Oakland Charter.)

4. No action can be maintained against the County of Contra Costa for the cause alleged in the plaintiff's complaint. Ang. and Ames on Corp., § 629. Russell *v.* The Men of Devon., 2 T. R., 672.

HEYDENFELDT, J., delivered the opinion of the Court. BRYAN, J., concurred.

This is an action of assumpsit by the plaintiff against the defendant, for building a bridge. The District Judge decided against the plaintiff, on the ground that the bridge was in the city of Oakland, and therefore the city authorities, and not the county government, had jurisdiction, and that consequently it was an unauthorized contract.

It appears from the Act of incorporation, that the southern line of the creek over which the bridge was built, is the dividing line between the City of Oakland and the remainder of Contra Costa County.

In such a case, I think the rule for public convenience would admit the power of either jurisdiction to have a bridge constructed, to enable the citizens of its own territory to pass beyond it.

Judgment reversed, and cause remanded.